## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLA CARD, *et al.*, | : | |
| | : | Civil No. 1:21-CV-01288 |
| Plaintiffs, | : | |
| | : | (Arbuckle, M.J.) |
| v. | : | |
| | : | |
| NICHOLAS TURNER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MOTION FOR AN ENLARGEMENT OF TIME FOR
DEFENDANT JUSTICES BARROS, KNIPEL, RUCHELSMAN
AND STATE OF NEW YORK TO FILE A RESPONSE
TO PLAINTIFFS' COMPLAINT AND REMOVAL OF
OF NEW YORK STATE ACTION SUPREME CT. KINGS CO.
TO USDC, MIDDLE DISTRICT OF PENNSYLVANIA
<u>NUNC PRO TUNC</u>**

Defendants, Justices Betsy Barros, Lawrence Knipel, and Leon Ruchelsman, and the State of New York ("State Defendants"), by their counsel, the New York State Office of the Attorney General, who, in accordance with Local Rule ("L.R.") 7.5, hereby move that the Court *nunc pro tunc* for an enlargement of time, pursuant to Fed. R. Civ. P. 6(b), in which the State Defendants may respond to Plaintiffs' Amended Complaint and application to remove the action and proceedings before the Supreme Court of the State of New York, Kings County, *Matter of Ella C.*,

1

100016/2011, to this Court and federal jurisdiction. In support thereof, the State

Defendants aver the following:

**Background: In re Ella Card, N.Y. Supreme Ct, Kings Co.,**
**Index No. 100016/2011**

1.      The underlying New York State action is a guardianship proceeding in

the Supreme Court of the State of New York, Kings County, *In re Ella Card*, Index

No. 100016/2011, in which the removing party in this federal action now before

this Court, Ella Card, a citizen of and domiciliary in New York at the time when

the state guardianship petition was filed, "was found to be an incapacitated person

under Article 81 of the New York Mental Hygiene Law, and placed under the

guardianship of a non-profit organization, the Vera Institute of Justice, Inc. (the

'Vera Institute')." *See In re Card*, 2017 U.S. Dist. LEXIS 155238 *1 (M.D.Pa.

Sept. 21, 2017); *see also Vera Institute of Justice v. Card* (*In re Card*), USDC,

M.D.Pa., Dkt. No. 17-1583, ECF Doc. No. 7, page 1 (September 21, 2017 Order

[Saporito, M.J.]); *Matter of Ella C.*, 171 A.D.3d 744, 95 N.Y.S.3d 880 (2d Dep't

2019).

2.      This instant federal action is Plaintiff Ella Card's third attempt at

removal to invoke federal jurisdiction over her concluded guardianship proceeding.

*See* ¶¶ 12-19, *infra*.

3.     Plaintiffs failed to disclose to this Court that Ella Card's prior two attempts to remove her state action to federal court were both dismissed and remanded. *See* Amended Complaint.

**Present Action**

4.     On July 22, 2021, Plaintiffs filed their complaint with this Court. ECF Doc. No.1.

5.     On July 23, 2021, a summons was issued as to all Defendants in this action to the Plaintiffs *pro* se. ECF Doc. No. 2.

6.     By Order, dated July 23, 2021, this Court (Arbuckle, M.J.) denied Plaintiffs' request in their Complaint petitioning the Court "to 'place an immediate stay on all Brooklyn Supreme court proceedings associated with CASE 100016/11.'(Doc. 1, p. 26)" finding that the Complaint failed to meet the minimum requirements of Rule 65 of the Fed. R. Civ. P.  Rule 65, Applications for Injunctions and Restraining Orders. This Court further found that the Eleventh Amendment of the United States Constitution prohibits 42 U.S.C. § 1983 claims against states and therefore state officials for money damages under *Moor v. County of Alameda*, 411 U.S. 693, 717-25 (1973), and that the *Rooker-Feldman* doctrine provides that only the United States Supreme Court may review a state court judgment and thereby lower  federal courts do not have such subject matter jurisdiction  to review state court judgments and both cautioned and instructed

Plaintiffs that, by the referenced subject-matter jurisdictional infirmities, "these two legal doctrines may prove to be an insurmountable obstacle to success in this case." ECF Doc. No. 4, July 23, 2021 Order.

7.    On September 15, 2021, Plaintiffs *pro se* filed an Amended Complaint and, on the same date, a summons was issued as to all Defendants. ECF Doc. Nos. 5 and 6.

8.    On or about September 27, 2021, Justices Knipel and Ruchelsman, both judges of the Supreme Court of the State of New York, Kings County, received a copy of a summons and the Amended Complaint by mail at the Kings County Courthouse, located at 360 Adams Street, Brooklyn, New York.

9.    On October 5, 2021, Justice Barros, a judge of the New York State Appellate Division of the Supreme Court, Second Department, received a copy of a summons and the Amended Complaint by mail at the Appellate Division, Second Department Courthouse, located at 45 Monroe Place, Brooklyn, New York.

10.    Upon information and belief, there has been no service of a summons and the Amended Complaint upon the State of New York.

11.    As of the date of this motion, Plaintiffs have not filed any proof of service with this Court.

**Removal Applications Denied in Federal Courts in Both
New York and Pennsylvania**

### A. Card v. Barros, USDC, EDNY, 12cv-114: Removal Remanded and Complaint Dismissed

12.     By notice of removal filed in the United States District Court for the

Eastern District of New York, Plaintiff Card sought to remove a proceeding from

the Supreme Court of the State of New York, Kings County to the federal court

> claiming that the state court proceeding became removable at some point after
> its filing  [*2] because of "flagrant United States Constitution violations
> committed against her." (Notice of Removal at 3.) More specifically, she claims
> her rights under the Fourteenth, Fifth, Sixth, and Seventh Amendments have
> been violated, in essence, by the prosecution of the guardianship proceeding in
> state court. Card alleges that the parties who committed these violations
> include, among others, the judge presiding over the state court proceeding, the
> presiding judge's administrative judge, Card's court-appointed attorney, Card's
> court-appointed guardian, other court officials, Card's sons, the State of New
> York, and attorneys representing various parties. Card asks this Court, inter alia,
> to remove the guardian appointed by Supreme Court, to dismiss the state court
> proceeding, to undo the results of various actions allegedly taken by her
> guardian, and to award her damages from various parties involved in the state
> court proceeding. (Notice of Removal at 22-26.)

*See Card v. Barros*, 2012 U.S. Dist. LEXIS 12984 *1-2 (E.D.N.Y. February 2,

2012.

13.     The notice of removal named the following parties as defendants who

are also named as defendants in the current action and removal before this Court:

"Betsy Barros, Judge at Kings County Supreme Court;… Lisa K. Friedman, Esq.,

Court Evaluator for the Kings County Supreme Court and of the New York Law

School Elder Law Clinic;…Christine Mooney, Esq., Attorney; Laura Negron Esq.,

Director of the Vera Institute and Temporary Guardian; Kermit Card; Raymond H. Card; Bonnie Bernstein, Esq., Attorney at Polizzotto and Polizzotto law firm and Attorney for Kermit and Raymond Card; Alfred Polizzoto, of Polizzotto and Polizzotto law firm; Kings County Supreme Court; The State of New York; The Vera Institute; Polizzotto and Polizzotto Law Firm…." *Card v. Barros, supra*, 2012 U.S. Dist. LEXIS 12984 at *1, fn 1.

14.     The district court denied removal and remanded the action to the State court finding an absence of subject-matter jurisdiction stating

> [f]ederal question jurisdiction does not exist here because the state court proceeding relates only to the appointment of a guardian and that guardian's ability to manage Card's property. *See In re Appointment of Smith*, No. 11-CV-2405, 2011 U.S. Dist. LEXIS 54748, 2011 WL 2008512, at *2 (E.D.N.Y. May 20, 2011) ("The appointment of a guardian and the allocation of real property and assets by the appointed guardian do not raise federal questions."). Moreover, with respect to the removed proceeding, Card's offered bases for federal jurisdiction are merely potential defenses, dressed in constitutional trappings, and thus do not confer jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L. Ed. 2d 318 (1987) ("[A] case may not be removed to federal court on the basis of a federal defense.")

*Card v. Barros, supra*, 2012 U.S. Dist. LEXIS 12984 at *5.

15.     The district court further determined that

> the *Rooker-Feldman* doctrine would require a finding that subject matter jurisdiction is lacking because Card is essentially asking the Court to review an adverse state court judgment appointing a guardian made before she filed her notice of removal. *See McCluskey v. New York State Unified Court System*, 442 Fed. Appx. 586 (2nd Cir. 2011) (explaining that under the *Rooker-Feldman* doctrine, "the Lower federal courts lack subject matter jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and

inviting district court review and rejection of those judgments'" (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L. Ed. 2d 454 (2005))); *Citibank, N.A. v. Swiatkoski*, 395 F. Supp.2d 5, 10 (E.D.N.Y. 2005) (applying the *Rooker-Feldman* doctrine to find a removed action must be remanded to state court).

*Card v. Barros, supra*, 2012 U.S. Dist. LEXIS 12984 at *5, fn. 5.

     16.    The district court found the complaint legally deficient determining

that

> despite Card's very clear intent to remove the guardianship proceeding from Supreme Court, but very liberally construing her complaint as seeking to bring damage claims against those involved in that proceeding for alleged violations of her federal constitutional rights, Card arguably could, as her best case claim, seek to advance a cause of action under 42 U.S.C. § 1983 to vindicate her rights. But, § 1983 claims must be brought against defendants who act under color of state law. *Zherka v. DiFiore*, 412 Fed. App'x. 345, 347 (2nd Cir. 2011). There are, among the many named, a few potentially-covered state actors identified in Card's complaint. All of them, however, are either judicial officers or judicial officials, for example, the guardian. As such, all are entitled to absolute immunity. *See Dowlah v. Dowlah*, 2010 U.S. Dist. LEXIS 22196, 2010 WL 889292, at *6-7 (E.D.N.Y. March 10, 2010). Given the jurisdictional futility of any such claims, as opposed to the substantive merit of such claims, the Court will not retain jurisdiction of the complaint. With amendment futile, leave to amend need not be granted. *See Hassan v. U.S. Dep't of Veteran Affairs*, 137 Fed. Appx. 418, 420 (2d Cir. 2005) ("While pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile.");  [*7] *see also Lerner v. Drager*, 2011 U.S. Dist. LEXIS 51692, 2011 WL 1682348, at *6 (S.D.N.Y. April 18, 2011) (denying leave to amend because, inter alia, judicial immunity would make amendments futile).

*Card v. Barros, supra*, 2012 U.S. Dist. LEXIS 12984 at *5-6.

**B. In re Card (Vera Institute of Justice v. Card), USDC, M.D.Pa.,
17cv1583: Removal Remanded and Complaint Dismissed**

17.    By notice of removal filed in the United States District Court for the
Middle District of Pennsylvania, Plaintiff Card sought to remove a proceeding
from the Supreme Court of the State of New York, Kings County to this Court
asserting that the federal court may take subject-matter jurisdiction on two
grounds, claiming (1) "diversity jurisdiction because the Vera Institute is a New
York entity and she now resides in Pennsylvania" and (2) "federal question
jurisdiction because the Vera Institute's conduct as guardian has allegedly violated
her Fifth and Fourteenth Amendment due process rights and her Sixth Amendment
right to the assistance of counsel, made actionable under 42 U.S.C. § 1983." *See In
re Card*, 2017 U.S. Dist. LEXIS 155238 *1 (M.D.Pa. Sept. 21, 2017); *see also
Vera Institute of Justice v. Card* (*In re Card*), USDC, M.D.Pa., Dkt. No. 17-1583,
ECF Doc. No. 7, page 1 (September 21, 2017 Order [Saporito, M.J.]). Plaintiff
further filed a motion for injunctive relief including asking this Court to both
enjoin and compel defendant Vera Institute of Justice, Plaintiff's real property
guardian, to take certain actions concerning her real property. *See In re Card*,
*supra*, 2017 U.S. Dist. LEXIS 155238 at *3; *see also Vera Institute of Justice v.
Card* (*In re Card*), USDC, M.D.Pa., Dkt. No. 17-1583, ECF Doc. No. 7, pp. 1-3
(September 21, 2017 Order [Saporito, M.J.]).

18.    By report and recommendation, dated September 21, 2017, this District Court (Saporito, Mag. Judge) recommended dismissal of the complaint and to remand the action back to the Supreme Court, Kings County, as the federal court clearly lacked subject matter jurisdiction and that

> [t]he federal courts have a duty "to examine their subject matter jurisdiction at all stages of litigation sua sponte [even] if the parties fail to raise the issue. That obligation extends to removal cases, as well as to those originally filed in the district courts." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388-89 (3d Cir. 2002). Moreover, removal jurisdiction must be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

*See In re Card, supra*, 2017 U.S. Dist. LEXIS 155238 at *4; *see also Vera Institute of Justice v. Card* (*In re Card*), USDC, M.D.Pa., Dkt. No. 17-1583, ECF Doc. No. 7, pp. 3-4 (September 21, 2017 Order [Saporito, M.J.])..

19.    The District Court found that the Vera Institute of Justice, the guardian in the State action and proceedings and party in the federal action, was not a state actor for purposes of a 42 U.S.C. § 1983 action, thereby failing to establish that the guardian was acting under color of state law or deprived Plaintiff Card of a right secured by the United States Constitution. *See In re Card, supra*, 2017 U.S. Dist. LEXIS 155238 at *5. The District Court further found that

> as another federal district court previously found in this very same case, "with respect to the removed proceeding, Card's offered bases for federal jurisdiction are merely potential defenses, dressed in constitutional trappings, and thus do not confer jurisdiction." Card, 2012 U.S. Dist. LEXIS 12984, 2012 WL 382730, at *2; see also Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) ("[A] case may not be removed to federal court on the

basis of a federal defense."). Therefore, federal question jurisdiction is also absent in this case.

*See In re Card, supra*, 2017 U.S. Dist. LEXIS 155238 at \*5-6; *see also Vera Institute of Justice v. Card* (*In re Card*), USDC, M.D.Pa., Dkt. No. 17-1583, ECF Doc. No. 7, page 6 (September 21, 2017 Order [Saporito, M.J.]).

20.     By order, dated October 17, 2017, this District Court (Jones, J.) adopted the September 21, 2017 Report and Recommendation dismissing the complaint, remanding the action to the Supreme Court, Kings County, and denying as moot the motion for a temporary retraining order and a preliminary injunction. *See Vera Institute of Justice v. Card* (*In re Card*), USDC, M.D.Pa., Dkt. No. 17-1583, ECF Doc. No. 11 (October 17, 2017 Order [Jones, J.]).

**Enlargement of Time to Respond**

21.     The State Defendants note that a party has 21 days from the date of service of the summons and pleadings to respond to an Amended Complaint and 30 days from the filing of the notice of removal.  *See* Fed. R. Civ. P. 4; 12; 28 U.S.C. § 1447(c) (providing that, aside from moving on the basis of subject matter jurisdiction defects, a motion for remand must be filed within 30 days after filing of the notice of removal).

22.     A response by Justices Knipel and Ruchelsman to the Amended Complaint was due on or about October 18 and to the federal removal was October 15, 2021.

23.    A response by Justice Barros to the Amended Complaint is due on or about October 26, 2021 and to federal removal was October 15, 2021.

24.    The undersigned respectfully asks the Court for a sixty-three (63) day enlargement of time from October 15, 2021 until  December 17,  2021,  within which to respond to the Amended Complaint and removal in order to permit the State Defendants and the Attorney General to conduct an investigation and review of each State Defendant's alleged role, involvement, and responsibility concerning the allegations in the pleadings, specifically the underlying Supreme Court, Kings County action and proceedings collaterally challenged herein, and an opportunity to obtain and review the case records because the documents are not publicly available and requires our Office to obtain same from the New York State Unified Court System.

25.    The State Defendants submit that the Plaintiffs will not be prejudiced by this enlargement of time as it will allow the State Defendants and the Attorney General a fair amount of time in which to investigate and review court records concerning the allegations and to prepare a response to the Amended Complaint and removal which will provide this Court both the proper context and the factual and legal basis that no subject-matter jurisdiction exists for this Court to review the Supreme Court, Kings County action and proceedings on the grounds this Court has previously identified and other equally dispositive bases, including absolute

judicial immunity, statute of limitations, and no injunctive and declaratory relief is available against a  State court judge by means of a federal action.

26.     On October 15, 2021, the Attorney General petitioned for *pro hac vice* admission for the instant federal action, which was granted by this Court on October 19, 2021. *See* ECF 7, 10.

27.     At this time, the State Defendants and the Attorney General are unaware if any of the other named defendants, at least 18, have been served, but by review of the docket sheet for this civil action today, only counsel for Defendant United Federation of Teachers has petitioned for *pro hac vice* admission. *See* ECF 8-9.

28.     No supporting brief is required with the submission of this motion as "the reasons for the request are fully stated" in this application and submission. M.D. Pa. L.R.7.5.

29.     By the circumstances set forth herein, the State Defendants seek leave of the Court for an enlargement of time to file a response to the Amended Complaint and removal *nunc pro tunc* to December 17, 2021.

WHEREFORE, the State Defendants respectfully request that the Court grant the State Defendants' *nunc pro tunc* motion for an enlargement of time through December 17, 2021, to file a response to the Amended Complaint and for removal.

Dated:  New York, New York
        October 25, 2021

Respectfully submitted,
LETITIA JAMES
Attorney General
State of New York
Attorneys for State Defendants

By: /s/Amy Luo
CHARLES F. SANDERS
*Pro Hac Vice Admission Pending*
AMY LUO
Assistant Attorneys General
*Pro Hac Vice*
28 Liberty Street New York, NY 10005
(212) 416-8594/8538
Charles.Sanders@ag.ny.gov
Amy.Luo@ag.ny.gov

RICHARD C. MAIDER
Assistant Attorney General
*Associate Counsel*
M.D. PA Bar #56031
Office of the Attorney General
The Capitol, Albany, New York 12224
518-776-2297
Richard.Maider@ag.ny.gov