# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA
## CASE NO. 1:21-CV-01288

ELLA CARD, KEN SWENSON, individually and as next friend of Ella Card, CINDY CARD individually and as next friend of Ella Card, LADONNA CARD individually and as next friend of Ella Card, FAITH CARD individually and as next friend of Ella Card

  Plaintiffs,

v.

DEFENDANTS: THE VERA INSTITUTE OF JUSTICE; NICHOLAS TURNER President of the Vera Institute and in individual capacity; JOHN HOLT Attorney for the Vera Institute and in individual capacity; KIMBERLY GEORGE Director for the Vera Institute and in individual capacity; LAURA NEGRON Former Director for the Vera Institute and in individual capacity; LISA FRIEDMAN, ESQ Court Evaluator and in individual capacity; ALEXANDRA SCHONFELD Court Evaluator and in individual capacity; JUDGE BETSY BARROS, as Judge and in individual capacity; JUDGE LEON RUCHELSMAN, as Judge and in individual capacity; CHRISTINE MOONEY Court Appointed Attorney for Ella Card and in individual capacity; PAUL O'BRIEN Attorney, Falcon Rappaport & Berkman, PLLC for Ella Card and in individual capacity; DAVID VAN LEEUWEN Attorney, Peyrot & Associates for Petitioners and in individual capacity; BONNIE BERNSTEIN, Polizzotto and Polizzotto Attorney for Raymond and Kermit Card and in individual capacity; JULIE STOIL FERNANDEZ Attorney, Finkel & Fernandez, LLP, and in individual capacity; RAYMOND CARD Illegal Guardian of Property Disowned/Estranged Son of Ella Card; KERMIT CARD Illegal Guardian of Property Disowned/Estranged Son of Ella Card; KINGS COUNTY, New York; Judge LAWRENCE KNIPEL, Administrative Law Judge, STATE OF NEW YORK: NYC Health Benefits (OLR) IRMAA, UFT, 52 Broadway, New York, NY10004, EDDIE & ARLENE TORRES, Saratoga Deli, Progressive General Contractors

  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**STATE INDEX NO. 100016/11**
v.
**NOTICE OF REMOVAL OF STATE COURT ACTION 28 U.S.C. § 1331 28 USC § 1443**

FILED
HARRISBURG, PA

OCT 2 5 2021

PER _____

DEPUTY CLERK

1

**NOTICE OF REMOVAL OF STATE COURT ACTION 28 U.S.C. § 1331 AND 28 USC § 1443**

**NOTICE OF REMOVAL OF STATE COURT ACTION TO THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF PENNSYLVANIA FOR VIOLATION OF "DUE PROCESS UNDER EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983, 42 U.S.C.1985, 42.U.S.C. 1986, 28 U.S.C. § 1331 (FEDERAL QUESTION JURISDICTION), YOUNGER ABSTENTION DOCTRINE, 28 U.S.C. § 1441 (REMOVAL).**

**TITLE 42, UNITED STATES CODE § 1983 PROVIDES THAT IF AN INDIVIDUAL HAS BEEN DEPRIVED OF A RIGHT GUARANTEED TO HIM BY THE CONSTITUTION OR LAWS OF THE UNITED STATES UNDER COLOR OF STATE LAW, SUCH AN INDIVIDUAL HAS A RIGHT TO SEEK APPROPRIATE RELIEF IN A UNITED STATES DISTRICT COURT. BECAUSE PLAINTIFF HAS STATED A FEDERAL DUE PROCESS AND EQUAL PROTECTION CAUSE OF ACTION, THE § 1983 CAUSE OF ACTION SHOULD REMAIN IN THIS FEDERAL COURT UNTILL A JURY RULES IN THIS CASE.**

**PLEASE TAKE NOTICE** that the undersigned Plaintiff Ella Card et al, hereby removes to Federal Court the above-named State Court action filed in the Supreme Court of the State of New York County of Kings under INDEX NO. 100016/11, as more particular described below.

### JURISDICTION AND VENUE

1.     I assert there is Federal Court Subject Matter Jurisdiction for Violation of Due Process Under 42 U.S.C. §1983 and the violations of the 14th Amendment to the United States Constitution and Equal Protection Clause of the under, 42 USC § 1983,  42 U.S.C. §1985, 42 U.S.C. § 1986, 28 U.S.C. §1331 and 28 U.S.C. §1441(F) Where the State Court did not have jurisdiction over the claim, under 28 U.S.C. §1446, Fed. R. Civ. P. Rule 60(b)(3) Fraud, Fed. R. Civ. P. Rule 60(b)(4) Void Judgment, Fed. R. Civ. P. Rule 60(d)(1) Independent Action, Fed. R. Civ. P. Rule 60(d)(3) Fraud on the Court.

2.     Card's complaint-in-intervention pursuant to the Younger Abstention Doctrine applies in this case. See *Younger v. Harris*, 401 U.S. 37 (1971), which generally requires federal courts to decline to adjudicate the applicable federal claims in favor of ongoing parallel state judicial

2

proceedings under certain circumstances, however there are exceptions to the Younger Abstention Doctrine that apply in this case.

3.      In the Card et al Case, the Younger Abstention Doctrine analysis held: (1) the state case constituted an ongoing judicial proceeding; (2) regulating attorney misconduct was an important state interest but the Court was also involved; and (3) Card et al  had "NO OPPORTUNITY" to assert their federal defenses in a competent and non-biased state forum, therefore the Younger Abstention Doctrine apply in this case, where Card et al was denied meaningful access to the Courts and was denied the right to be heard in the State Court with on-going numerous *ex-parte* hearings over the last 10 years.

**EXCEPTIONS TO THE YOUNGER EXTENSION DOCTRINE WHERE IRREPARABLE HARM AND INJURY WILL COME TO "CARD ET AL" WHICH IS "BOTH GREAT AND IMMEDIATE IF THIS COURT DOES NOT INTERFERE IN THESE EXTRAORDINARY CIRCUMSTANCES.**

4.      The **exceptions** to the **"Younger Abstention Doctrine"** apply. Those exceptions are set out in footnote 4 to *Colahar v. Wells Fargo Bank,* 56 F. Supp. 3d 603 (D. Del. 2014). The facts demonstrate that those exceptions apply in this case and this case should not be remanded back to State Court or "Irreparable Harm" and Injury will come to "Card et al" which is "both Great and Immediate," *Younger,* 401 U.S. at 46, 91 S. Ct. 746. Where the state and federal law was "flagrantly and patently violative of expressed Constitutional Prohibitions," id. at 53, 91 S. Ct. 746, and where the Defendant, Turner et al. showed "Bad Faith", which would call for Equitable Relief." Id. at 54, 91 S. Ct. 746, <u>*Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1263 n. 6 (11th Cir.2004)*</u> (citing <u>*Younger, 401 U.S. at 45, 53-54, 91 S.Ct. 746*</u>).

5      That a federal court may interfere in extraordinary circumstances, such as when a state statute is found to be "flagrantly and patently violative of express constitutional prohibitions and in every clause, sentence and paragraph, and in whatever manner and against whomever an effort

might be made to apply it." *Hughes*, 274 F. Supp. 2d at 1340 (quoting *Younger*, 401 U.S. at 53-54, 91 S. Ct at 755). The district court, citing *Baggett v. Dep't of Prof'l Reg.*, 717 F. 2d 521, 524 (11th Cir. 1983), noted that this Circuit has held that such intervention is permitted where a petitioner demonstrates that federal preemption of state law is "readily apparent." "*Hughes*, 274 F. Supp. 2d at 1340. The district court then determined that the preemption of the state law in the present case is readily apparent, and this it was appropriate to intervene. *Id.* In this Case, *Card et al v. Nicholas Turner et al.,* this district court should conclude that federal law preempts state law in the area where the state court did violate many of the New York Statutes and Card et al 's Constitutional Rights of Due Process, where Card et al was denied a fair and unbiased hearing, and ruled incapacitated prior to ever stepping foot inside a court room. Where Card et al was **"Denied the Right to be Heard"** in the state court which conducted numerous *ex-parte* hearings without ever been given notice by the court of those hearings. The state court judgment is a "VOID JUDGMENT," therefore it has no force or effect. The state court judge acted in a manner inconsistent with "Due Process" and denied the Plaintiffs' Rights to be heard in the state court. The validity of a judgment may be affected by a failure to give the constitutionally required due process notice and an opportunity to be heard. *Earle v. McVeigh*, 91 US 503, 23 L Ed 398. See also Restatements, Judgments ' 4(b). *Prather v. Loyd*, 86 Idaho 45, 382 P2d 910. A judgment of a court without hearing the party or giving him an opportunity to be heard is not a judicial determination of his rights. *Sabariego v Maverick*, 124 US 261, 31 L Ed 4 30, 8 S Ct 461, and is not entitled to respect in any other tribunal. In a recent *ex-parte* hearing (July 21, 2020), the state Judge Ruchelsman  continued the proceedings even after Plaintiffs' counsel withdrew from the case minutes before the hearing, without giving notice to the Plaintiffs' thus leaving Plaintiffs without counsel in a hearing appointing Co-Guardians. These Co-Guardians have Cease and Desist orders against them by the Plaintiff Ella Card and are in an adverse positions to the

4

Plaintiff. The Co-Guardians are estranged sons of Plaintiff Ella Card who has disowned them, and has neither seen nor spoken to either in the past 11 years. Both sons have crack/cocaine and alcohol addictions, both with domestic violence issues and together have 4 bankruptcies.

6.      In another recent *ex-parte* hearing (September 30, 2021) Judge Leon Ruchlesman ordered that the two mortgage-free homes of 50 years belonging Ella Card were to be sold, where her family currently reside in both homes. This was done 3 days after Judge Leon Ruchlesman was served the federal lawsuit. This is against Ella Card's wishes nor does it benefit Ella Card in any manner since the court has never had guardianship over the person.  The guardian has not performed any care or provided any funds for Ella Card over the past 10 years.  Ella Card has been living with her son-in-law in Pennsylvania for these years and the family has been maintaining both homes at their own expense.

7.      No state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A violation of procedural due process occurs where the state fails to provide due process in the deprivation of a protected liberty interest. *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (*en banc*). On the other hand, a violation of substantive due process occurs where an individual's fundamental rights, those "implicit in the concept of ordered liberty," are infringed—no matter the fairness of the procedure. Id. at 1556. Under the 14th Amendment, No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person within its jurisdiction the equal protection of the laws.

8.      Card et al  has alleged many Federal Questions but only needs one, which alleged a violation **42 U.S.C. § 1983 - Civil action for Deprivation of Rights** --a federal statute. Title 42, United States Code § 1983 provides that if an individual has been deprived of a right guaranteed to him by the Constitution or Laws of the United States under Color of State Law,

5

such an individual has a right to seek appropriate relief in a United States District Court. Because Plaintiff has stated a Federal Due Process and Equal Protection Cause of Action, The § 1983 Cause Of Action Should Remain In This Federal Court until a Jury Rules in this Case.

9.      After a Notice of Removal is filed in Federal Court, Notice Thereof is given to Adverse Parties, and Copy of Notice of Removal is filed in State Court, Removal is Effective Immediately, and State Court is to Proceed No Further unless and until the case is remanded.

10.     Where State Judge Leon Ruchlesman, Opposing Counsel, Julie Fernandez, consistently violated the Plaintiffs' Due Process Rights under the Equal Protection of the 14th Amendment to the United States Constitution and Judge Leon Ruchlesman violated the Rules of Judicial Conduct: Canon 1. A Judge Shall Uphold the Integrity and Independence of the Judiciary; Canon 2. A Judge Shall Avoid Impropriety and the Appearance of Impropriety in all of the Judge's Activities; Canon 3. A Judge Shall Perform the Duties of Judicial Office Impartially and Diligently; Canon 4. A Judge Is Encouraged to Engage in Activities to Improve the Law, the Legal System, and the Administration of Justice; Canon 5. A Judge Shall Regulate Extrajudicial Activities to Minimize the Risk of Conflict with Judicial Duties.

11.     I have attached and filed with this Notice of Removal a Civil Cover Sheet and process from the State Court docket as required by the process of federal removal.

12.     Plaintiffs have attached a Pennsylvania Social Security Administration document where Mrs. Card was ruled incapacitated on March 16, 2011 before ever stepping foot inside a courtroom and with no medical doctor evaluation.

13.     This act alone is not only Fraud on the Court but a violation of due process and Civil right violations and denied equal protection of the law. Under 42 USC § 1983, the Plaintiffs have a right to remove this case to Federal Court due to Civil Rights Violations, Due Process violation, and Denied Equal Protection of the Law of the State of New York. These actions by

the lower court voids the entire capacity proceedings conducted by the lower court. The state court judge acted in a manner inconsistent with "Due Process" and denied the Plaintiff their Rights to Be Heard in the state court. The validity of a judgment may be affected by a failure to give the constitutionally required due process notice and an opportunity to be heard. *Earle v. McVeigh*, 91 US 503, 23 L Ed 398. See also Restatements, Judgments 4(b). *Prather v. Loyd, 86 Idaho* 45, 382 P2d 910. A judgment of a court without hearing the party or giving her an opportunity to be heard is not a judicial determination of her rights. *Sabariego v Maverick*, 124 US 261, 31 L Ed 430, 8 S Ct 461, and is not entitled to respect in any other tribunal. "A void judgment does not create any binding obligation. Federal decisions addressing void state court judgments include *Kalb v. Feuerstein* (1940) 308 US 433, 60 S Ct 343, 84 L ed 370; *Ex-parte Rowland* (1882) 104 U.S. 604, 26 L. Ed. 861:

> *"A judgment which is void upon its face, and which requires only an inspection of the judgment roll to demonstrate its wants of vitality is a dead limb upon the judicial tree, which should be lopped off, if the power to do so exists." People v. Greene, 71 Cal. 100 (16 Pac. 197, 5 A.m. St. Rep. 4481.*
> *"If a court grants relief, which under the circumstances it hasn't any authority to grant, its judgment is to that extent void." (Freeman on Judgments, 120c.) An illegal order is forever void.*

As specifically noted in the attached U.S. Supreme Court case law it is a fundamental doctrine of law that a party to be affected by a personal judgment must have his day in Court and an opportunity to be heard *Renaud v. Abbott*, 116 US 277, 29 L Ed 629, Co S. Ct 1194.

14.    The Plaintiff Complaint shows the amount in controversy is at least $7,000,000. As a U.S. Citizen and taxpayer, I am a part of a class of citizens protected by the ADA (Americans with Disability Act) and taxpayers denied Equal Protection of the laws where Federal Laws were designed to protect the elderly and individuals like Mrs. Ella Card.

15.    That Federal Question are present and clearly a violation of the U.S. Constitution in which Ella Card et al were denied due process in order to protect the Plaintiffs' Liberty and

Property, which Ella Card has owned for the last 50 years and where her daughter and granddaughter reside. Immediate jeopardy of Ella Card as there is an order dated September 30, 2021 from the lower court directing Plaintiff Ella Card's property to be sold against her wishes.

WHEREFORE, we pray this action shall be removed from State Court to this United States District Court for a Trial by Jury and such other and further relief as is just and proper.

Dated this 25ʰ day of October 2021.

Respectfully Submitted,

Ken Swenson et al.
445 Beck Mill Rd
Hanover, PA 17331
Tel.No.202-262-0820
kenswenson75@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via email/fax to the following Defendants on this  25th day of October 2021.

| | |
|---|---|
| NICHOLAS TURNER (via mail and e-mail) President of the Vera Institute/Project Guardianship PO. Box 2-5106 Brooklyn, New York 11201 nturner@vera.org | JOHN HOLT (via mail and e-mail) Attorney for the Vera Institute/ Project Guardianship PO. Box 2-5106 Brooklyn, New York 11201 jholt@nycourts.gov |
| KIMBERLY GEORGE (via mail and e-mail) Director for the Vera Institute/Project Guardianship PO. Box 2-5106 Brooklyn, New York 11201 kgeorge@nycourts.gov | Alexandra Schonfeld Weaderhorn (via Fax/mail 20 Clent Rd, Apt 1m Great Neck, NY 11021 FAX: (516) 569 3360 |

| | |
|---|---|
| LISA FRIEDMAN (via mail and e-mail)<br>1320 E 27th St<br><br>Brooklyn, New York, 11210<br>lisafried@aol.com | LAURA NEGRON  (via mail)<br>NYC MAYOR'S OFFICE OF OPERATIONS<br>253 Broadway Fl 10<br>New York, NY 10007-2316<br>LAURA.NEGRON@cityhall.nyc.gov<br>LNEGRON@cityhall.nyc.gov |
| Honorable JUDGE BETSY BARROS (via email/fax)<br> c/o Amy Luo | Assistant Attorney General<br> New York State Office of the Attorney General<br> 28 Liberty Street, 16th Floor<br> New York, New York 10005<br> Tel: 212-416-8538<br>FAX: 212 416-6030<br>amy.luo@ag.ny.gov | Honorable JUDGE LEON RUCHELSMAN (via email/fax)<br> c/o Amy Luo | Assistant Attorney General<br> New York State Office of the Attorney General<br> 28 Liberty Street, 16th Floor<br> New York, New York 10005<br> Tel: 212-416-8538<br>FAX: 212 416-6030<br>amy.luo@ag.ny.gov |
| CHRISTINE MOONEY (via e-mail)<br> 10 Union Ave Ste 4<br> Lynbrook, NY 11563-3350<br> clampersberger@aol.com<br> clampersberger1@hotmail.com | Paul M. O'Brien (via e-mail)<br> Falcon Rappaport & Berkman PLLC<br> 265 Sunrise Highway, Suite 50<br> Rockville Centre, New York 11570<br> Pobrien@frblaw.com |
| Patrick Marc  (via email)<br>Marc Law Associates PLLC<br>6309th Ave, Suite 405<br>New York, NY  10036<br>Pmarc315@gmail.com | BONNIE BERNSTEIN/Gustow (via e-mail)<br>4052 65th Pl E<br>Sarasota, FL  34243<br>bgustow@aol.com |
| JULIE STOIL FERNANDEZ (via e-mail)<br> Finkel & Fernandez, LLP<br> Elder Law & Special Needs<br> 16 Court Street, Suite 1007<br> Brooklyn, NY 11241<br> jstoilfernandez@ffelderlaw.com | RAYMOND CARD (via e-mail)<br>124 Shetland Pl<br>Warners, NY 13164-3701<br>raycardjr@yahoo.com |
| Lauren L Shell   (via mail)<br>363 E 76th St<br>Apt 11h,<br>New York, NY 10021-2434<br>aurenlshell@gmail.com | DAVID VAN LEEUWEN (via mail and e-mail)<br>Peyrot & Associates, PC.<br>62 William Street, 8th Floor<br>New York, NY 10005<br>David.vanleeuwen@peyrotlaw.com |
| Lawrence Knipel, Administrative Law Judge (via email/fax)<br> c/o Amy Luo | Assistant Attorney General<br>New York State Office of the Attorney General<br>28 Liberty Street, 16th Floor<br>New York, New York 10005<br>FAX: 212 416-6030<br>amy.luo@ag.ny.gov | Robert T Reilly, ESQ (via mail, fax and e-mail)<br>Ximena Castro<br><br>UFT<br><br>52 Broadway,<br>New York, NY 10004<br>Ximens.Castro@nysutmail.org |

| | |
|---|---|
| KERMIT CARD (via mail and e-mail)<br>208 Commack Rd<br>Deer Park, NY 11729-6113<br>amthai@optonline.net<br>hyperboy209@msn.com | NYC Employee Health Benefits-IRMAA<br>(via mail)<br>40 Rector St Ste 4,<br>New York, NY 10006 |
| Andrew M. Cuomo (via fax)<br>Governor of New York State<br>NYS State Capitol Building<br>Albany, NY 12224<br>FAX: 212 416-6030 | State of New York<br>Letitia James  (via fax)<br>NY Attorney General<br>Office of the Attorney General<br>The Capitol<br>Albany, NY  12224-0341 FAX: 212 416-6030 |
| Eddie and Arlene Torres (via mail)<br>Saratoga Deli<br>161 Saratoga Ave<br>Brooklyn, NY 11233 | Progressive General Contractors  (via mail)<br>1717 Avenue N,<br> Brooklyn, NY 11230<br>info@progressivegc.com |
| President of the Vera Institute (via e-mail)<br>34 35th Street, Suite 4-2A<br>Brooklyn, NY 11232<br>kkeenan@vera.org | The Law Offices of Polizzotto and Polizzotto<br>(via Fax)<br>6911 18th Avenue<br>Brooklyn, NY 11204<br>FAX: 718-256-0966 |
| Clerk of Court (via mail)<br>Brooklyn Supreme Court<br>360 Adams St,<br>Brooklyn, NY 11201-3707<br>mracanel@nycourts.gov | |

Ken Swenson et al.
445 Beck Mill Rd
Hanover, PA 17331
Tel.No.202-262-0820
kenswenson75@yahoo.com