IN THE MIDDLE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ELLA CARD, KEN SWENSON,
CINDY CARD AND LADONNA CARD                    CIVIL NO. 1:21-CV-01288

           Plaintiff,

v.

NICHOLAS TURNER, ET AL.

           Defendant

ORDER

Before this court are: (1) Plaintiff's complaint alleging a ten-day order of eviction is void for the hearing was *ex-parte* and the Guardianship is *void ab initio.* (2) Plaintiff's motion for temporary restraining order and for permanent Injunction against the lower court's orders are *void ab initio*, since the Guardianship is *void ab initio*. (3) The lower court sale of Mrs. Card's homes of 50 years are void, the hearing to sell the homes were *ex-parte* and the Guardianship is *void ab initio*. (4) The Co-Guardianship for the estranged and disowned sons of Mrs. Card is void ab initio because the hearing was *ex-parte*, Mrs. Card was not represented by an Attorney Mrs. Card or Plaintiff's was never given notice by the court that there was a hearing for Guardianship of her property and against Mrs. Card wishes. (5) Co-Guardians have not paid the electric bills on both homes for over ten months

For the reasons that follow, the Court will Order Temporary Restraining Order Granted and the lower court should ceased and desist all pending orders of the lower court. All money that belongs to Ella Card shall be frozen, Pension all assets except Mrs. Card Social Security in which she receives in Pennsylvania.

## I.     Background

Plaintiffs' complaint seeks a court ordered restraining against the Defendants from misappropriation of Mrs. Card's homes and assets. In recent events, the lower court issued another *ex-parte* orders dated September 30, 2021, against the Plaintiff's to vacate their homes within ten days (by October 29, 2021) in which they lived for 50 years. This order is contrary to Governor Hochul Signed New Moratorium on COVID-related Residential and Commercial Evictions into Law, Effective Through January 15, 2022 and violates Plaintiffs' due process rights.

The lower court signed an order to sell Mrs. Card's properties (which were given and willed to Cindy Card) in violation of Article 81 MHL and against Mrs. Card wishes. Under Article 81 MHL, the lower court does not have a legal right to sell Mrs. Cards homes. Mrs. Card has a good monthly income with her Social Security, Pension (after teaching school for 39 years), rent from her store and apartments. In recent events, the Social Security Administration informed the Plaintiff's, that Mrs. Card was ruled incapacitated on March 16, 2011, approximately one month prior to Mrs. Card ever stepping foot inside a courtroom. This is fraud on the court and the Guardianship of Mrs. Card is *void ab initio*. Mrs. Card was denied the right to be represented by her choice of counsel. Mrs. Card was never evaluated by a medical doctor/psychiatrist, it was Judge Betsy Barros, that ruled Mrs. Card incapacitated prior to ever meeting Mrs. Card, in April of 2011.

Plaintiff and daughters of Ella Card, Cindy and Ladonna Card and Cindy Card's husband, Ken Swenson who has cared for and lived with Ella Card for ten years, are licensed Guardians of New York, who have maintained the properties of Ella Card for over 10 years, using their own money to do so, and request now request this lower court to grant all assets of Ella Card to be turned over to Plaintiffs' of Ella Card, since Mrs. Card has not been a resident of New York for

over 10 years. Since Plaintiff is a *pro se* petitioner, this Court must construe all complaints and pleadings liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Todaro v. Bowman*, 872 F.2d 43, 44 n. 1 (3d Cir. 1989).

## II. <u>ORDER</u>

Accordingly, for the above reasons and all other reasons fully stated in Magistrate Judge Arbuckle's Report and Recommendation, IT IS ORDERED THAT:

1. Plaintiff's motion for preliminary restraining Orders are **GRANTED.**
2. Defendants Orders to vacate the homes of Mrs. Card are **DENIED.**
3. Defendants Orders to sell Mrs. Card's homes are **DENIED.**
4. Defendants are Ordered to turn over all assets to Plaintiffs', to ensure there is no misappropriation of Mrs. Card assets, Pension, Savings, Annuities and all Power of Attorney duties to care for all of Mrs. Card's properties is **GRANTED.**

William l. Arbuckle
United States Magistrate Judge

Dated: October ___, 2021

Filed: October ___, 2021