UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLA CARD, ET AL., | : | |
| | : | |
| Plaintiffs, | : | Civ. Action No.: |
| | : | 1:21-CV-01288-WIA |
| -against- | : | (Arbuckle, M.J.) |
| | : | |
| NICHOLAS TURNER, ET AL., | : | --Electronically Filed-- |
| | : | |
| Defendants. | : | |

### UFT DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Local Rules 7.5 and 7.8, Defendant United Federation of Teachers, Local 2, AFT, AFL-CIO ("UFT Defendant" or "UFT") submits this Memorandum of Law in Support of Its Motion to Dismiss the Amended Complaint.

### PROCEDURAL HISTORY

On or about September 15, 2021, plaintiffs Ella Card, Ken Swenson, Cindy Card, LaDonna Card and Faith Card ("Plaintiff Ella Card" "Plaintiff Swenson" "Plaintiff C. Card" "Plaintiff L. Card" "Plaintiff F. Card" and collectively, "Plaintiffs") filed a summons and amended complaint ("Amended Complaint")[1] with this Court alleging that UFT Defendant along with twenty-one other defendants collectively violated 42 U.S.C. §§ 1983, 1985, 1986, 18 U.S.C. §§ 241, 242,

---

[1] Plaintiff originally filed an Emergency Complaint and Demand for Jury Trial on July 22, 2021 (Docket No. 1). However, UFT Defendant was not a defendant in that original complaint.

1

371,1951, and 1961-1974, NY Penal Law §§ 190.65, 260.25, the Sixth, Eight, and Fourteenth Amendments of the Constitution, breach of fiduciary duties, professional negligence, and the American with Disabilities Act, among others. The Amended Complaint was served on UFT Defendant on October 6, 2021.

UFT Defendant now files a Motion to Dismiss the Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, on grounds that: (i) the Court lacks subject matter jurisdiction over a duty of fair representation claim involving public employees; (ii) Plaintiffs fail to state a cause of action upon which relief may be granted; and (iii) Plaintiffs' duty of fair representation claim is untimely under the relevant New York State law.

## STATEMENT OF FACTS[2]

Plaintiff Ella Card is a New York City retired schoolteacher. (Am. Compl. ¶¶ 72, 90, 98, 106, Ex. G, Ex. I, Ex. J). On December 14, 2011, Plaintiff Ella Card was adjudged incapacitated and placed under the guardianship of the Vera Guardianship Project. (Am. Compl. Ex. F).  On or about October 12, 2020, pursuant to a Notice of Settlement, Plaintiff Ella Card was notified that the Vera Guardianship Project had moved to resign as guardian and that Defendants Raymond Card and Kermit Card had sought to be appointed as successor co-guardians. (*Id*). On November 20, 2020,

---

[2] For purposes of this motion to dismiss, all facts alleged in Plaintiffs' Amended Complaint are assumed to be true.

Plaintiff Cindy Card, Plaintiff LaDonna Card and Plaintiff Ken Swenson sought to remove Defendants Raymond Card and Kermit Card as co-guardians of Plaintiff Ella Card. (Am. Compl. Ex. C).

## STATEMENT OF QUESTIONS INVOLVED

1. Whether the Court lacks subject matter jurisdiction as to a duty of fair representation involving public sector employees, such that the Amended Complaint should be dismissed, with prejudice, as to UFT Defendant?

   (Suggested answer in the affirmative).

2. Whether Plaintiffs have failed to state a duty of fair representation claim against UFT Defendant as a matter of law, such that the Amended Complaint should be dismissed, with prejudice, as to UFT Defendant?

   (Suggested answer in the affirmative).

3. Whether Plaintiff Swenson, Plaintiff C. Card, Plaintiff L. Card, and Plaintiff F. Card have failed to state any cognizable legal constitutional or statutory claim as to UFT Defendant, such that the Amended Complaint should be dismissed, with prejudice as to UFT Defendant?

   (Suggested answer in the affirmative).

4. Whether Plaintiffs' New York State law duty of fair representation claim is time-barred by the four-month statute of limitations, such that the Amended Complaint should be dismissed, with prejudice, as to UFT Defendant?

   (Suggested answer in the affirmative).

## STANDARD FOR MOTION TO DISMISS

A motion to dismiss must be granted where the plaintiff fails to "state a claim upon which relief can be granted." F.R.C.P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the Court must "accept all of the well-pleaded

3

allegations of the complaint as true and viewed in the light most favorable to the Plaintiff." *Robb v. City of Philadelphia*, 733 F.2d 286, 291 (3d Cir. 1984). A complaint filed by a *pro se* plaintiff is held to a less stringent standard than complaints drafted by lawyers. *Henry v. Moore*, 500 Fed. Appx. 115, 117 (3d Cir. 2012). Nevertheless, to survive a motion to dismiss, a complaint must contain facts which are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint will be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547. However, if a claim is susceptible to a Rule 12(b)(6) dismissal, "a district court must permit a curative amendment, unless the amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). An amendment to cure pleading deficiencies is futile when the allegations in the complaint are time-barred. *Greiser v. Drinkard, et al.*, 516 F.Supp.3d 430, 436 (E.D. Pa. 2021).

## ARGUMENT

### POINT I

**THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIM AGAINST UFT DEFENDANT**

Upon a rather generous construction of Plaintiffs' Amended Complaint, the claim against UFT Defendant may be interpreted as attempting a duty of fair

representation claim. Assuming, *arguendo*, that Plaintiffs could make out a claim for breach of the duty of fair representation, Plaintiffs' duty of fair representation claim should be dismissed because this Court lacks subject matter jurisdiction over a duty of fair representation claim with respect to UFT Defendant.

This Court's jurisdiction over duty of fair representation claims arises from the National Labor Relations Act ("NLRA"), which governs the labor/management relationship between represented employees and private employers.  *See* 29 U.S.C. § 153.

Specifically, Section 152 of the NLRA defines "employer" as:

> (2) The term "employer" includes any person acting as an agent of an employer, directly or indirectly, <u>but shall not include the United States</u> or any wholly owned Government corporation, or any Federal Reserve Bank, <u>or any State or political subdivision thereof</u>, or any person subject to the Railway Labor Act, as amended from time to time, or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization. (Emphasis supplied)

Thus, the NLRA does not grant federal courts subject matter jurisdiction over a claim against a public union of alleged breach of the duty of fair representation by an individual employed by a public employer. *See Manfredi v. Hazleton City Auth. Water Dep't*, 793 F.22d 101 (3d Cir. 1986) (court dismissed a suit against city water department and labor organization representing its employees for lack of subject matter jurisdiction because city water department was "political subdivision" and

not an "employer" under the NLRA and the Labor Management Relations Act ("LMRA") and therefore the union representing the employees did not represent "employees" for purposes of the NLRA and the LMRA); *Abyers v. Int'l Bhd. of Electrical Workers*, 666 F.2d 441 (9th Cir. 1982) (court dismissed for lack of subject matter jurisdiction suit against labor organization for breach of the duty of fair representation wherein employer was a public utility); *Cottrill v. Ohio Civil Serv. Employees Ass'n, et al.*, 665 F. Supp 525 (N.D. Ohio, 1987) (the court dismissed for lack of subject matter jurisdiction, the duty of fair representation claim because the plaintiff was employed by a public employer); *Naum v. City of New York, et al.*, No. 94 Civ. 5747, 1996 US Dist. Lexis 3728 (S.D.N.Y. Mar. 27, 1996) (city agencies are not employers under the NLRA and the LMRA and U.S. District Court does not have subject matter jurisdiction over breach of duty of fair representation claim); *Baumgart, et al. v. Stony Brook Children's Service, P.C., et al.*, No. 03 Civ. 5526, 2005 U.S. Dist. Lexis 32389 (E.D.N.Y. Sept. 9, 2005) ("LMRA does not confer federal jurisdiction on hybrid claims arising out of a union's representation of public employees"). If the court determines that it lacks subject matter jurisdiction, the complaint should be dismissed. *See* F.R.C.P. 12(h)(3).

Further, the duty of a labor organization of public employees to fairly represent its members, to the extent that it exists in New York State, arises under state and city collective bargaining law. *See* Civil Service Law § 200 *et. seq.*,

otherwise known as the Taylor Law. Most public employees in New York State are subject to the Taylor Law and the UFT is a public employee organization within the meaning of the Taylor Law. *See* Civ. Serv. Law § 201.

The Taylor Law provides a mechanism for hearing charges of improper practices, which include charges that a union breached its duty to represent its members fairly. Civ. Serv. Law § 205(4)(d). Moreover, under § 205(5)(d) of the Taylor Law, the New York State Public Employment Relations Board ("PERB") exercises exclusive, non-delegable jurisdiction over a public employee's improper practice claim for breach of the duty of fair representation against a public sector employee organization. *See Zuckerman v. Bd. of Educ. of City Sch. Dist. of City of New York*, 44 N.Y.2d. 336, 342 (1978) ("[An] improper labor practice . . . is within the exclusive jurisdiction of PERB").

In this case, Plaintiff Ella Card's former employer, the Board of Education of the City School District of the City of New York, is a political subdivision, and as such, a public employer. Consequently, Plaintiff Ella Card by virtue of her former employment as a New York City public schoolteacher, was a public employee. Under these circumstances, Plaintiff Ella Card's claim against UFT Defendant is explicitly excluded from the NLRA and this Court's subject matter jurisdiction.

Further, as a public employee, Plaintiff Ella Card was represented by the UFT, a public employee labor organization subject to the Taylor Law. As a public

employee, any claim for breach of the duty of fair representation should have been properly brought before PERB, which exercises exclusive jurisdiction over such claim. Hence, the Court also lacks subject matter jurisdiction over Plaintiff Ella Card's New York State claim for breach of the duty of fair representation and it must be dismissed in its entirety.

Since the Court lacks subject matter jurisdiction over Plaintiffs' claim as to UFT Defendant, the Court should decline to exercise supplemental jurisdiction over the New York State law claim because any federal claim for breach of the duty of fair representation as to UFT Defendant is no longer viable. *See Shaffer v. Bd. of Sch. Dirs.*, 730 F.2d 910, 012 (3d Cir. 1984) ("[Pendent jurisdiction should be declined where the federal claims are no longer viable, absent extraordinary circumstances"). The New York State law claim is no longer viable because it is time-barred. For these reasons, the Amended Complaint must be dismissed in its entire with prejudice as to UFT Defendant.

## POINT II

**PLAINTIFFS CANNOT MAKE A CLAIM FOR BREACH OF THE DUTY OF FAIR REPRESENTATION**

**A. Plaintiff Ella Card Has Failed to State a Claim Against UFT Defendant**

To the extent that Plaintiffs' Amended Complaint can be construed as a duty of fair representation claim, to make out a claim for a breach of the duty of fair

8

representation, a plaintiff must show that she was aggrieved because her union acted arbitrarily, discriminatorily, or in bad faith in regard to a matter over which it had exclusive control. *Vaca v. Sipes*, 386 U.S. 171 (1967); *Del Costello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983). The duty is premised on the theory that since the union is the exclusive collective bargaining representative of employees, it has the statutory duty to fairly represent all those employees in its collective bargaining with the employer and its enforcement and administration of the collective bargaining agreement. *See Ford Motor Co. v. Huffman*, 345 U.S. 330 (1953).

However, the courts of this state have emphasized the extremely narrow scope of the cause of action for breach of the duty of fair representation. *Black Musicians of Pittsburg v. Local 60-471*, 375 F. Supp. 902 (W.D. Pa. 1974). ("The duty does not reach, into and control all aspects of the union's relationship with its members"). Further, under Third Circuit caselaw, to establish a cognizable duty of fair representation claim, "it is essential that plaintiffs allege bad faith motive on the part of the union." *Medlin v. Boeing Vertol Co.*, 620 F.2d 957, 961 (3d Cir. 1980).

In this case, assuming, *arguendo*, that the Court has subject matter jurisdiction, the Amended Complaint is absolutely devoid of any facts or allegations attributable to UFT Defendant as against Plaintiff Ella Card that demonstrate that UFT Defendant's actions or lack thereof were arbitrary, discriminatory, or made in bad faith. Further, under Third Circuit law requirements, Plaintiff Ella Card's

Amended Complaint also fails to state an appropriate, specific, and viable allegation of bad faith so as to constitute a cognizable duty of fair representation claim as to UFT Defendant.

To the extent that Plaintiff Ella Card's duty of fair representation is governed by New York State law, Plaintiffs' vague and conclusory allegations also fail to establish a viable claim against UFT Defendant under the applicable New York State law because Plaintiffs have not alleged and cannot prove that all UFT members ratified the decision not to fully or properly represent Plaintiff Ella Card.

"It is a long-standing principle that an action against a labor union may be maintained only where the claim is provable against each and every member of the association." *See Martin v. Curran*, 303 NY 276 (1951); *see also Mounteer v. Bayly*, 86 A.D.2d 942 (3d Dep't 1982). Under Section 13 of the New York Consolidated Law, General Associations Law, a plaintiff cannot recover against a labor union for tortious acts committed by one of its members absent a demonstration that such acts were authorized or ratified by all of the union's members. *See Curran*, 303 NY 276 (1951). This is so because labor unions are unincorporated associations, which requires that suits against them and their officers for breaches of agreements or tortious wrongs are limited to "cases where the individual liability of every single member can be alleged and proven." *Id.*; *see also Palladino v. CNY Centro Inc.*, 23 N.Y.3d. 140 (2014) (affirming *Martin v. Curran*). This is the case regardless of

10

whether "the theory of liability is intentional tort or breach of the duty of fair representation." *See Walsh v. Torres-Lynch*, 266 A.D.2d 168 (4th Dep't 1999).

In this case, Plaintiffs' Amended Complaint is completely devoid of any allegations, specific to Plaintiff Ella Card, against UFT Defendant for any of the twenty-three causes of actions, let alone allegations involving the entire membership of UFT Defendant as required for any claim made against unincorporated labor organization under New York law.  Since Plaintiffs have not alleged that all UFT Defendant's members approved or ratified any of the copious allegations raised in the Amended Complaint, Plaintiffs have failed to allege an essential element of a cause of action for breach of the duty of fair representation against UFT Defendant under New York law. Under these circumstances, Plaintiffs' Amended Complaint should be dismissed in its entirety with prejudice as to UFT Defendant.

**B. Plaintiff Swenson, Plaintiff C. Card, Plaintiff L. Card and Plaintiff F. Card Have Failed to State Any Cause of Action Against UFT Defendant**

Assuming, *arguendo*, that the Court has subject matter jurisdiction as to any of the copious claims raised by Plaintiff Swenson, Plaintiff C. Card, Plaintiff L. Card, and Plaintiff F. Card in the Amended Complaint, these claims fail a matter of law because these Plaintiffs have not leveled any factual allegations that could be construed as a viable claim for any cause of action against UFT Defendant.

F.R.C.P. 8(a) requires a complaint to include "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the

ground upon which it rests." *Leatherman v. Tarrant Cnt. Narc. Intel. & Coordination Unit*, 507 U.S. 163, 168 (1993). In this case, Plaintiff Swenson, Plaintiff C. Card, Plaintiff L. Card and Plaintiff F. Card have not done so. Other than adding the UFT to the lengthy list of defendants, none of these Plaintiffs have claimed any actionable wrongdoing on the part of UFT Defendant.

Further, Plaintiff Swenson, Plaintiff C. Card, Plaintiff L. Card and Plaintiff F. Card offer no facts or evidence linking them to the UFT, or its actions or lack thereof, to any of the twenty-three causes of action in the Amended Complaint or to the underlying New York State guardianship proceeding animating the current claim. Rather, Plaintiffs simply attempt to channel their unhappiness with the outcome of Plaintiff Ella Card's guardianship proceeding into the twenty-three counts in the Amended Complaint, which often refer to all of the Defendants collectively. Plaintiffs have not specified and have failed to explain how UFT Defendant should be liable to them under any theory for an alleged harm caused by a third party in the underlying guardianship proceeding.

Moreover, the duty of fair representation was "designed to protect <u>union members</u> from abuses by unions in the negotiation or administration of collective bargaining agreements." (Emphasis supplied). *Steele v. Louisville & Nashville R. Co.*, 323 U.S. 192 (1944). Here, Plaintiff Swenson, Plaintiff C. Card, Plaintiff L. Card and Plaintiff F. Card make no claim that UFT Defendant owed them any duty

or any protection with respect to any matter when none of these Plaintiffs was or is currently a member of UFT Defendant. Indeed, there is simply no evidence in the Amended Complaint that UFT Defendant is linked to these Plaintiffs in any way shape or form other than by virtue of their personal relationship to Plaintiff Ella Card.

Under these circumstances, there is nothing in the Amended Complaint from which the Court could plausible infer that UFT Defendant violated any of these Plaintiffs' constitutional or statutory rights. Thus, these Plaintiffs fail to state a cognizable or viable legal claim against UFT Defendant, and the Amended Complaint should be dismissed.

## POINT III

### PLAINTIFFS' DUTY OF FAIR REPRESENTATION CLAIM IS UNTIMELY

Rule 12(b)(6) requires that a plaintiff be permitted to amend the complaint to cure pleading deficiencies. However, the court may not grant leave to amend a complaint when an amendment would be futile. An amendment is futile when the claim asserted is time-barred. Plaintiff Ella Card's claim for breach of the duty of fair representation arising under New York State law is time-barred.

"Under New York state law, a claim against a union for violating the duty of fair representation is subject to a four month statute of limitations." *Williams v. New*

*York City Housing Auth.*, 458 F. 3d 67, 69 (2d Cir. 2006) (citing N.Y. C.P.L.R. § 217(2)(a)). The N.Y. C.P.L.R. provides:

> Any action or proceeding against an employee organization subject to article fourteen of the civil service law or article twenty of the labor law which complains that such employee organization has breached its duty of fair representation regarding someone to whom such employee organization has a duty shall be commenced within <u>four months of the date the employee or former employee knew or should have known that the breach has occurred, or within four months of the date the employee or former employee suffers actual harm, whichever is later</u>. (Emphasis supplied)

N.Y. C.P.L.R. § 217(2)(a) (McKinney 1993); *see also* N.Y. Comp. Codes R. & Regs. Title 61, § 1-07(b)(4) (2011).

The Amended Complaint is clear that Plaintiffs believed that UFT Defendant committed malfeasance or nonfeasance toward them contemporaneous to Plaintiff Ella Card's guardianship events from March 16, 2011 through October 12, 2020. *See Walsh v. Torres-Lynch*, 266 A.D.2d 817 (4th Dep't 1999). Giving Plaintiffs the benefit of the doubt and using the latter date, Plaintiffs would have had to commence a suit against UFT Defendant no later than February 12, 2021. This action was commenced on or about September 15, 2021. Plaintiffs' time to sue for all the foregoing claims has expired. This action should, therefore, be dismissed as untimely.

## CONCLUSION

For the foregoing reasons and upon the foregoing authorities and arguments, UFT Defendant respectfully requests an Order dismissing Plaintiffs' claims as against UFT Defendant with prejudice pursuant to Rule 12(b)(1), 12(b)(6), and such other relief as the Court deems just and proper.

Dated:  New York, New York
        October 27, 2021

                                              Respectfully submitted,

                                              ROBERT T. REILLY
*Pro Hac Vice*
52 Broadway, 9th Floor
New York, New York 10004
Tel.: (518)-868-1269
Fax: (212) 995-2347
Email: Ximena.Castro@nysut.org


By:    /s/ Ximena Castro
       XIMENA CASTRO
       Of Counsel
       *Pro Hac Vice*