**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

ELLA CARD, ET AL.,

*Plaintiffs*,

v.

NICHOLAS TURNER, ET AL.,

*Defendants*.

**Civil Action No.**
**21-CV-01288 (YK)**
(Hon. Yvette Kane)
(Hon. William I. Arbuckle)

- Electronically Filed-

**RESPONSE TO PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION AND TO REPORT AND RECOMMENDATION**

Pursuant to Fed. R. Civ. P. 72(2), defendant Bonnie Bernstein hereby responds to the Report and Recommendation of the Hon. William I. Arbuckle, entered December 6, 2021 (ECF Doc. 46), and the plaintiffs' frivolous objections to same, filed December 19, 2021. (ECF Doc. 47).

**Clarifying Objection to Report and Recommendation**

Firstly, by way of clarifying objection, it is respectfully submitted that by seeking "just costs and any actual expenses, including attorney fees, incurred as a result of the removal," the undersigned was not seeking attorney fees for her *pro se* work in necessary self-defense. Rather, the statute, as interpreted by decisional law, permits the award of "actual expenses" incurred as a result of the removal, when, as

here, the plaintiffs' removal from state court was "objectively unreasonable."*League of Women Voters of Pennsylvania v Pennsylvania*, 921 F3d 378, 383 [3d Cir 2019])); *Zawatsky v Jeddo Stars Ath. Assn.*, 2017 US Dist LEXIS 174814, at *16 (MD Pa Oct. 23, 2017); *Mikiewicz v Hamorski*, 2016 US Dist LEXIS 58859, at *10 (MD Pa May 3, 2016).

The "actual expenses" sought by the undersigned were for the actual out-of-pocket costs to print and mail the extensive papers in support of her motion seeking dismissal, costs for improper removal, and a pre-filing injunction. At the time the motion was made, none of the plaintiffs were registered with ECF. Moreover, many defendants were not ECF users, or had not appeared via ECF. The fact that the plaintiffs themselves disregard jurisdictional niceties, like proper service, would not have excused a failure to comply by the undersigned. Accordingly, Bonnie Bernstein, a retiree on a fixed income, incurred significant, out-of-pocket expenses that will not be covered by any insurance or indemnity, as a direct result of the plaintiffs' improper removal. It is only those expenses that reimbursement was sought.

**Response to Plaintiffs' Statement and Objection to the Report and Recommendation Denying Petition of Federal Removal and Verified Complaint**

The plaintiffs' disrespectful and offensive objections to the report and Recommendation should not be countenanced. That the plaintiffs engaged in

irrelevant, gratuitous, and wholly misguided attacks on the undersigned's faith and ethnicity, targeting her as "a white Jewish woman with a law degree" (ECF Doc 47 p. 2 of 10), further supports the need for a pre-filing injunction, and further justifies an award of actual expenses pursuant to 28 USC 1447(c).

Notably, the plaintiffs wholly and intentionally misstate the related substance of Magistrate Judge Arbuckle's Report and Recommendation, falsely claiming that the Honorable Court provided "suggestions on how Bonnie Bernstein should further retaliate against Ella Card et al." (ECF Doc 47 p. 3 of 10). Firstly, there was no such guidance. Moreover, there has never been any retaliation. The plaintiffs simply fabricate in an abuse of the litigation privilege so as to defame without penalty. This too supports a pre-filing injunction.

To be clear, the plaintiffs contention that "the Plaintiffs homes of 161 and 155 Saratoga Avenue were broken into by the Defendants goons. . ." (ECF Doc. 47 p. 4 of 10) in no way involves the undersigned - who, apart from seeking dismissal of this matter and related expenses and a writ, has had no involvement with this matter, or the parties to this action, for approximately a decade. Frankly, the undersigned has no idea what the plaintiffs are referring to.

With respect to plaintiffs' putative claims concerning the undersigned - no valid claims exist. The plaintiffs' pleading made no allegations"contain[ing]

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 US 662,678 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 US 544,555,557 (2007).Plaintiffs' misguided and frivolous objections to the Honorable Court's Report and Recommendation do nothing to change that.

Importantly, the plaintiffs never responded to, much less opposed the undersigned's motion to dismiss, for actual expenses, and for a pre-filing injunction (ECF Doc. 33), which was filed, concurrently with the brief in support (ECF Doc. 34), on November 9, 2021. Pursuant to the Local Rules of the Honorable Court,

> [a]ny party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief. . . .

Local Rule 7.6. Accordingly, as the plaintiffs were served by mail (as they were then not participating in ECF), any opposition was due to be served by November 26, 2021. Fed. R. Civ. P. 6(d). Judge Arbuckle's Report and Recommendation was issued on December 6, 2021 - well after the plaintiffs' time to oppose the undersigned's motion had expired.

## **Conclusion**

Defendant Bonnie Bernstein respectfully submits that Magistrate Judge Arbuckle's Report and Recommendation be adopted in its entirety, except to the limited extent that the undersigned should be entitled to reimbursement for actual

expenses incurred as a result of the plaintiffs' objectively unreasonable removal to federal court - now for the third time - twice to this Honorable Court and initially to the Eastern District of New York. The plaintiffs misuse of the removal process, after repeatedly being forewarned by learned members of the federal judiciary, to the prejudice of the undersigned (and other co-defendants) should not go unpunished.

The matter should be dismissed, without leave to re-plead, and as removed the guardianship proceedings - related to the property, not the person, of Ella Card, should be remanded to the Supreme Court of the State of New York, Kings County.

As the plaintiffs persist with their frivolous misuse of the federal courts, the pre-filing injunction sought by the undersigned, and recommended by Magistrate Judge Arbuckle by way of his Report and Recommendation, should be granted in its entirety.

Respectfully submitted,

/s/ Bonnie Bernstein

Bonnie Bernstein
Defendant, *pro se*
4052 65th Place East
Sarasota, FL 34243
941 757-3015
bgustow@yahoo.com