**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|   |   |
|---|---|
| In the Matter of ELLA CARD,<br>An incapacitated person | : No. 1:21-cv-01288<br>:<br>: (Judge Kane)<br>:<br>: |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

The above-captioned case was initiated upon the filing of a complaint on July 22, 2021 by pro se Plaintiffs Ella Card, Ken Swenson, Cindy Card, and LaDonna Card. (Doc. No. 1.) On September 15, 2021, following an order by Magistrate Judge Arbuckle (Doc. No. 4), the four plaintiffs named in the original complaint, along with additional plaintiff Faith Card ("Plaintiffs"), filed an amended complaint (Doc. No. 5). The amended complaint lists twenty-six (26) individual defendants ("Defendants")[1] and asserts twenty-three (23) causes of action stemming from the state court guardianship proceedings on behalf of Plaintiff Ella Card ("Card"), who was deemed mentally incapacitated in 2011. (Id.) These claims run the gamut from civil rights violations, to Hobbs Act claims, to racketeering and fraud, to name just a few. (Id.) Plaintiffs' amended complaint contains a number of unsubstantiated factual assertions, including that if Card had remained in New York State, she would have been drugged and murdered by Defendant the Vera Institute of Justice, the organization that was initially appointed

---

[1] The Defendants in this case are: The Vera Institute of Justice, Nicholas Turner, John Holt, Kimberly George, Laura Negron, Lisa Friedman, Alexandra Schonfeld, Judge Betsy Barros, Judge Leon Ruchelsman, Christine Mooney, Paul O'Brien, David VanLeeuwen, Bonnie Bernstein, Julie Fernandez, Raymond Card, Lauren Shell, Patrick Marc, Kermit Card, Kings County, Judge Lawrence Knipel, the State of New York, UFT, NYC Employee Health Benefits – IRMAA, Eddie Torres, Arlene Torres, and Progressive General Contractors. (Doc. No. 5.)

the guardian of Card's person and property.  (Id. ¶ 98.)  Taken as a whole, the amended complaint alleges a vast conspiracy between several members of the Card family, the New York state courts, and the Vera Institute of Justice, to rob Card of her property by wrongfully declaring her incapacitated.  (Id. at 2.)  Plaintiffs assert that the Court has subject matter jurisdiction on both diversity and federal question grounds.  (Id. ¶¶ 43, 45-46.)  In addition to the amended complaint, on October 15, 2021, Plaintiffs filed a document entitled "Emergency Complaint/Plaintiffs Reouest [sic] Emergency Declatory [sic] Relief Under Rule 57 and Emergency Injunction Under Rule 65," which asks the Court to terminate the court-ordered guardianship of Card and block the pending sale of Card's Brooklyn, New York properties.  (Doc. No. 15 ¶¶ 1, 37.)

Plaintiffs seek, in essence, to have a New York State guardianship proceeding removed to federal court.[2]  (Doc. No. 5.)  While Plaintiffs' amended complaint does not explicitly frame the action as seeking removal of the state court case, on October 25, 2021, Plaintiffs filed a notice of removal with this Court.  (Doc. No. 39.)  This is the third attempt by Plaintiffs to remove this action to federal court.  (Doc. No. 46 at 5-7.)  The previous two attempts were dismissed for lack of subject matter jurisdiction and remanded to the Supreme Court of New York, Kings County.

---

[2] Plaintiffs' notice of removal is invalid on several procedural grounds.  First, removal under 28 U.S.C. § 1446(b) must be effectuated by a defendant within thirty (30) days of receipt of service or the issuance of a summons pursuant to the original pleading in the action.  Here, Plaintiffs are attempting to remove an action that has been ongoing in state court for more than ten years. (Doc. No. 5 at 2.)  Additionally, 28 U.S.C. § 1446(a) requires that, when seeking to remove a case from state to federal court, the defendant shall file with the district court a signed notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  See id. (emphasis added).  In this case, Plaintiffs have provided the Court only with a notice of removal (Doc. No. 39) and an affidavit detailing Plaintiffs' attempts to serve the notice of removal on the Supreme Court for the State of New York, Kings County (Doc. No. 39-1). Plaintiffs have not submitted to the Court any of the documents served on them in the state court guardianship proceedings, as is required by the removal statute.  See 28 U.S.C. § 1446(a).

See Vera Inst. for Just. v. Card, No. 1:17-cv-01583 (M.D. Pa. Oct. 17, 2017), ECF No. 11; In re Card, No. 12-cv-00114, 2012 WL 382730, at *3 (E.D.N.Y. Feb. 6, 2012).

On November 11, 2021, Defendant Bonnie Bernstein ("Bernstein"), formerly an attorney for Defendants Raymond and Kermit Card, filed a motion to dismiss, for remand, for costs and actual expenses, and for injunctive sanctions against Plaintiffs.[3] (Doc. No. 33.) Bernstein's motion requests that the case against her be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, failure to serve process, improper venue, and failure to state a claim. (Id. ¶ 1.) Bernstein also requests that the Court remand the case to state court, award her just costs and actual expenses pursuant to 28 U.S.C. § 1447(c) incurred as a result of Plaintiffs' attempted removal, and issue a pre-filing injunction against Plaintiffs. (Id. ¶¶ 2-4.)

Before the Court is Magistrate Judge Arbuckle's December 6, 2021 Report and Recommendation. (Doc. No. 46.) Magistrate Judge Arbuckle construes Plaintiffs' action as a removal action, recommending that it be dismissed, sua sponte, for lack of subject matter jurisdiction and remanded to the Supreme Court of New York, Kings County. (Id. at 1.) Magistrate Judge Arbuckle recommends that the Court find that no diversity jurisdiction exists because Ella Card was a New York citizen at the time of the state court filing, as were most of the Defendants. (Id. at 9-10.) On the issue of federal question jurisdiction, Magistrate Judge Arbuckle concludes that Plaintiffs' federal causes of action are merely federal defenses and therefore do not confer jurisdiction. (Id. at 10.)

As to Bernstein's motion (Doc. No. 33), Magistrate Judge Arbuckle recommends that the Court deny her request for costs and fees under 28 U.S.C. § 1447(c) (Doc. No. 46 at 10-11). He reasons that although Plaintiffs' removal attempt is objectively unreasonable, as required for

---

[3] In addition to Bernstein, motions to dismiss were filed by defendants Christine Mooney (Doc. No. 42), Lauren Shell (Doc. No. 36), and UFT (Doc. No. 22).

recovery of costs and expenses under 28 U.S.C. § 1447(c), as a pro se defendant, Bernstein cannot retrieve attorney's fees from the Court.  (Id.)  However, Magistrate Judge Arbuckle does recommend granting Bernstein's request for a pre-filing injunction against Plaintiffs pursuant to the All Writs Act, 28 U.S.C. § 1651.  (Id. at 11-13.)  In particular, Magistrate Judge Arbuckle recommends that the Court either impose injunctive sanctions, preventing Plaintiffs from filing further related actions in this Court, or refer the case to Magistrate Judge Arbuckle for the purposes of issuing a show cause order and a report and recommendation on the issue of injunctive sanctions.  (Id. at 13.)

On December 19, 2021, Plaintiffs filed objections to the Report and Recommendation.  (Doc. No. 47-1.)[4]  In those objections, Plaintiffs assert few arguments as to the issue of jurisdiction and those they do put forth are entirely without merit.  (Id. at 1-2, 6-7.)  Rather, Plaintiffs focus on additional facts that supplement the content of the amended complaint, including allegations that Card's home was broken into by "Defendants['] goons," that Card's properties have been listed for sale, and that Plaintiffs have been "blocked from submitting any emails or inquiries to the Brooklyn Appellate court."  (Id. at 4.)  However, Plaintiffs may not assert additional facts not contained in the amended complaint by way of a brief.  See Pa. ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (holding that a party is not permitted to supplement an initial pleading by way of a brief in opposition to a motion to dismiss); Bell v. Philadelphia, 275 F. App'x 157, 160 (3d Cir. 2008) (not precedential) (holding that additional claims cannot be raised by a plaintiff for the first time in a brief opposing

---

[4] An identical document was filed as "Notice to Shannon Insana."  (Doc. No. 48.)  Ms. Insana is a non-party who, according to Plaintiffs, is the real estate agent responsible for managing the court-ordered sale of Card's properties.  (Id. at 4.)

summary judgment).  Therefore, the Court is not required to consider any facts offered by Plaintiffs in their briefs that were not also asserted in the amended complaint.

For the reasons explained by Magistrate Judge Arbuckle in the Report and Recommendation (Doc. No. 46), and considering Plaintiffs' objections thereto (Doc. No. 47-1), the Court agrees that the instant case should be dismissed for lack of subject matter jurisdiction and remanded to the Supreme Court for the State of New York, Kings County.

On December 20, 2021, Bernstein filed a brief in opposition to Plaintiffs' objections and to the Report and Recommendation of Magistrate Judge Arbuckle.  (Doc. Nos. 49-50.)[5]  Bernstein clarifies that her motion does not request attorney's fees, but rather "actual expenses" incurred in printing and mailing the necessary responsive filings in this case.  (Id. at 1-2.)  She requests that the Court adopt Magistrate Judge Arbuckle's Report and Recommendation in full, with the limited exception of his finding as to her actual expenses.  (Id. at 4-5.)  The Court agrees with Magistrate Judge Arbuckle's conclusion that Plaintiffs' removal attempt is objectively unreasonable.  (Doc. No. 46 at 11.)  Because it is unreasonable, and because Bernstein is not seeking pro se attorney's fees, the Court will grant Bernstein's request.  Plaintiffs will be ordered to pay Bernstein's actual expenses, apart from attorney's fees, incurred in defending this action.  The Court will refer the case to Magistrate Judge Arbuckle for a determination of a reasonable amount of expenses and the issuance of an order for payment of Bernstein's actual expenses by Plaintiffs.

Also before the Court is Plaintiffs' January 27, 2022 motion for preliminary injunction, accompanied by nearly three hundred (300) pages of supporting documents, which requests that the Court enjoin: (1) the December 8, 2020 Brooklyn Supreme Court order appointing

---

[5] ECF documents 49 and 50 are identical briefs, filed in duplicate under different headings.

Defendants Raymond Card and Kermit Card as successor guardians of Card's property; (2) the September 30, 2021 Brooklyn Supreme Court order forcing the sale of several of Card's Brooklyn properties; and (3) the January 28, 2022 hearing to approve the sale of those same properties.[6]  (Doc. No. 51 at 1.)  On February 1, 2022, Plaintiffs filed an addendum to their original motion, which requests that the Court: (1) void a proposed order submitted by Card's legal guardians; and (2) "immediately provide a permeant [sic] protective order for Ella Card." (Doc. Nos. 52, 52-1 at 2.)

Under the Anti-Injunction Act, 28 U.S.C. § 2283, federal courts lack the authority to enjoin state court actions, except where limited exceptions apply.  Those exceptions are: (1) where the injunction is "expressly authorized by Act of Congress"; (2) where the injunction is "necessary in aid of [federal court] jurisdiction"; or (3) where an injunction is needed "to protect or effectuate [the court's] judgments."  See 28 U.S.C. § 2283.  Where a case has been removed from state to federal court, the case is stayed in the state court and the federal court may enjoin further action of the state court.  See Mitchum v. Foster, 407 U.S. 225, 234 (1972) (recognizing the removal statute as an exception to the Anti-Injunction Act authorized by Congress). However, state court orders issued prior to removal remain in effect unless "dissolved or modified" by the federal court.  See Ex parte Fisk, 113 U.S. 713, 729-30 (1885).  When a district court remands a case to state court for lack of jurisdiction, it generally cannot also issue an injunction against state court action, as such an injunction would not be "necessary in aid of its jurisdiction."  See Nongard v. Burlington Cnty. Bridge Comm'n, 229 F.2d 622, 624-25 (3d Cir.

---

[6] The arguments put forth by Plaintiffs in their motion for preliminary injunction and the relief requested are largely duplicative of Plaintiffs' earlier, undecided motion for declaratory relief. (Doc. No. 15.)  To the extent that Magistrate Judge Arbuckle did not fully address the reasons why he recommends denying the earlier motion as moot, the reasoning of the Court as to the Plaintiffs' motion for preliminary injunction (Doc. No. 51) is applicable to Plaintiffs' motion for declaratory relief as well (Doc. No. 15).

1956) (finding that a federal district court had no authority to issue an injunction after remand of the defendant's failed attempt at removal); Fed. Deposit Ins. Corp. v. Santiago Plaza, 598 F.2d 634, 636-37 (1st Cir. 1979) (same).

Accordingly, given that the Court has made the decision to remand this case for lack of jurisdiction, it lacks the authority to issue an injunction against any action taken by the state court.  See Fed. Deposit Ins. Corp., 598 F.2d at 636-37.  Therefore, the Court must deny Plaintiffs' motion for preliminary injunction.  (Doc. Nos. 51, 52, 52-1.)

To summarize, after reviewing de novo Plaintiffs' amended complaint (Doc. No. 5), Plaintiffs' objections to the Report and Recommendation (Doc. No. 47), Plaintiffs' motion for preliminary injunction (Doc. No. 51, 52, 52-1), the various motions to dismiss and their associated briefs (Doc. Nos. 33-34, 36, 42), Defendant Bernstein's objections to the Report and Recommendation and response to Plaintiffs' objections (Doc. Nos. 49-50), and the relevant law, the Court adopts Magistrate Judge Arbuckle's recommendation that the instant case should be dismissed and remanded to the Supreme Court for the State of New York, Kings County.  Given that this is the third frivolous removal attempt by Plaintiffs, the Court also agrees that injunctive sanctions are appropriate and will refer the case to Magistrate Judge Arbuckle for the purposes of deciding this issue pursuant to the requirements of Brow v. Farrelly, 994 F.2d 1027, 1038-39 (3d Cir. 1993).[7]  Plaintiffs' motion for preliminary injunction (Doc. Nos. 51, 52, 52-1) is properly

---

[7] Despite the Court's conclusion that it has no jurisdiction over the underlying removal action, it does have independent jurisdiction to issue an injunction on further removal attempts by Plaintiffs pursuant to the All Writs Act, 28 U.S.C. § 1651(a), which allows the district courts of the United States to "issue all writs necessary or appropriate in aid of their respective jurisdictions."  Injunctions on repetitive, unreasonable filings in federal court by particular parties have long been considered to fall under the All Writs Act.  See Brow, 994 F.2d at 1038-39 (recognizing the authority of district courts to issue injunctive sanctions under the All Writs Act); In re Oliver, 682 F.2d 443, 445-46 (3d Cir. 1983) (noting that the All Writs Act may support an order barring filing by plaintiffs who engage in a "continuous pattern of groundless and vexatious litigation").  At least one circuit has held that such authority also stems from

denied, as the Court lacks jurisdiction over this matter. Finally, the Court will grant Defendant Bernstein's motion (Doc. No. 33) insofar as it requests reimbursement of actual litigation costs, exclusive of pro se attorney's fees.

**ACCORDINGLY**, on this 19th day of May 2022, upon independent review of the record and the applicable law, **IT IS ORDERED THAT**:

1. The Court **ADOPTS IN PART** the Report and Recommendation (Doc. No. 46) of Magistrate Judge Arbuckle insofar as it recommends that: (1) Plaintiffs' amended complaint be dismissed and the case remanded to the Supreme Court for the State of New York, Kings County; and (2) this matter be referred to Magistrate Judge Arbuckle for further proceedings as to the issue of injunctive sanctions;

2. This matter is **REFERRED** to Magistrate Judge Arbuckle for further proceedings as to the issue of injunctive sanctions and for the issuance of a report and recommendation as to such sanctions;

3. Defendant Bonnie G. Bernstein's motion (Doc. No. 33) is **GRANTED IN PART**, insofar as it requests actual costs incurred in challenging Plaintiffs' removal action, pursuant to 28 U.S.C. § 1447(c) and is **REFERRED** to Magistrate Judge Arbuckle to determine the amount of compensation necessary for Bernstein's actual expenses and to issue an appropriate order;

4. Defendant Bonnie G. Bernstein's motion (Doc. No. 33) is **DENIED IN PART AS MOOT** insofar as it requests dismissal;

5. Defendant UFT's motion to dismiss (Doc. No. 22) is **DENIED AS MOOT**;

6. Defendant Christine Mooney's motion to dismiss (Doc. No. 42) is **DENIED AS MOOT**;

7. Defendant Lauren Shell's concurred-in motion to dismiss (Doc. No. 36) is **DENIED AS MOOT**;

8. Plaintiffs' motion for preliminary injunction (Doc. No. 51) is **DENIED AS MOOT**;

9. Plaintiffs' motion for emergency declaratory relief (Doc. No. 15) is **DENIED AS MOOT**; and

---

Federal Rule of Civil Procedure 11. See Tropf v. Fid. Nat. Title Ins. Co., 289 F.3d 929, 940-41 (6th Cir. 2002) (upholding dismissal of a case for lack of jurisdiction and authorizing injunctive sanctions against the plaintiffs barring them from filing suits with same facts in federal court without leave).

10. Plaintiffs' amended complaint (Doc. No. 5) is **DISMISSED** for lack of subject matter jurisdiction and this case is remanded to the Supreme Court for the State of New York, Kings County for a decision on the merits; however, the closure and remand of this case is **STAYED** until such time as the Court issues a decision on the forthcoming Report and Recommendation of Magistrate Judge Arbuckle as to injunctive sanctions.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
